## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| JOEL FLEMING, | ) | |
| Plaintiff, | ) | Case No. LACL130691 |
| v. | ) | |
| | ) | **ORIGINAL NOTICE** |
| MIDLAND CREDIT MANAGEMENT LLC., | ) | |
| Defendant. | ) | |

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that a petition has been filed in the office of the clerk of this court naming you in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the Plaintiff is Ray Johnson, whose address is 950 Office Park Rd. Suite 221 West Des Moines, Iowa 50265. That attorney's phone number is (515) 224-7090.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

CLERK OF COURT<br>
Polk County Courthouse<br>
Des Moines, Iowa

**IMPORTANT**

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

1

**EXHIBIT 1**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| JOEL FLEMING,<br>    Plaintiff, | )<br>)<br>) Case No. LACL 130691 |
| v. | ) PETITION<br>) |
| MIDLAND CREDIT MANAGEMENT, INC.,<br>    Defendant. | )<br>)<br>) |

Plaintiff Joel Fleming, by his attorney Ray Johnson, for his claims against the Defendant states:

## PARTIES

1. Plaintiff Joel Fleming is a natural person and is a resident of Polk County, Iowa.

2. Defendant Midland Credit Management, Inc. (hereafter "Midland") is a company that is regularly engaged in the business of debt collection.

## VENUE

3. Venue is proper in Polk County, Iowa

4. The amount in dispute exceeds $6000.

## GENERAL ALLEGATIONS

5. Fleming opened a Chase credit card account that went into default over five years ago, and is time-barred.

6. Chase sold the account to Midland who began collection attempts.

7. Midland sent a notice to Fleming threatening litigation.

8. Fleming hired an attorney to represent him.

9. Midland continuously called Fleming in attempt to collect the debt, and Fleming told Midland not to contact him anymore, that he had an attorney. Fleming gave his attorney's contact information to Midland.

10. Midland continued to call Fleming after it knew that Fleming had attorney representation.

## COUNT I
## UNFAIR DEBT COLLECTION

11. All facts and allegations of this Petition are incorporated herein by reference.

12. Defendant is a "creditor" as defined by Iowa Code § 537.7102(2).

13. The alleged obligation of the Plaintiff to the Defendant is a "debt" as defined by Iowa Code § 537.7102(3).

14. Defendant is a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and 537.7102(5).

15. The foregoing acts, omissions and practices of the Defendant are violations of Iowa Code § 537.7103, including but not limited to:

   a. Defendant violated Iowa Code § 537.7103(1)(f) by taking an action prohibited by this chapter or any other law;

   b. Defendant violated Iowa Code § 537.7103(3)(a) by calling Plaintiff multiple times a day, with the intent to annoy or harrass the Plaintiff.

   c. Defendant violated Iowa Code § 537.7103(4) by using a misrepresentation in attempt to collect a debt.

   d. Defendant violated Iowa Code § 537.7103(4)(e) by creating a false impression of the character, extent or amount of a debt, or its status in a legal proceeding

 e. Defendant violated Iowa Code § 537.7103(5)(e) by contacting Plaintiff after it knew Plaintiff was represented by an attorney.

16. As a result of the above violations, Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against the Defendant for actual damages, statutory damages, costs, attorney's fees, and for any further relief the Court deems just in the circumstances.

## COUNT II
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

17. All facts and allegations of this Petition are incorporated herein by reference.

18. Defendant violated the federal Fair Debt Collection Practices Act (FDCPA). Violations include but are not limited to:

 a. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly contacting Plaintiff with the intent to annoy and harrass.

 b. Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount or legal status of the alleged debt.

 c. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken.

 d. Defendnat violted 15 U.S.C. § 1692e(10) by using false representations or misleading means in attempt to collect an alleged debt.

 e. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement or permitted by law.

19. As a result of the above violations, Defendant is liable to the Plaintiff for a declaratory judgment that Defendant's actions violated the FDCPA, and for Plaintiff's actual damages and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff requests the Court enter judgment in his favor for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, costs, attorney's fees, and other relief that the Court deems just in the circumstances.

Respectfully submitted,

RAY JOHNSON AT0004019
Johnson Law Firm
950 Office Park Road, Suite 221
West Des Moines, IA 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com